UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1692 JVS (KESx) | Date | February 2, 2018 |
| Title | Macedonia Distributing , Inc. v. S-L Distribution Co., LLC | | |

Present: The Honorable    James V. Selna

Karla J. Tunis            Not Present
Deputy Clerk              Court Reporter

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:
       Not Present                            Not Present

**Proceedings:**   **(IN CHAMBERS)**   **Order CONTINUING Hearing on Defendant's Motions to Transfer and Dismiss**

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued with some requested modification, hereby CONTINUES the Defendants' Motions to Transfer and Dismiss, ruling in accordance with the tentative ruling as follows, with the requested modifications:**

Before the Court are two motions.

First, Defendant S-L Distribution Company, LLC ("S-L") filed a motion to transfer this action to the United States District Court for the Middle District of Pennsylvania. (Mot., Docket No. 17.) Plaintiff Macedonia Distributing Inc. ("Macedonia") opposed. (Opp'n, Docket No. 24.) S-L replied. (Reply, Docket No. 27.)

Second, S-L filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (MTD, Docket Nos. 28–29.) Macedonia opposed. (Opp'n, Docket No. 34.) S-L replied. (Reply, Docket No. 35.)

For the following reasons, the Court defers consideration of S-L's motions pending ninety (90) days leave to take limited discovery.

**I. BACKGROUND**

This purported class action arises out of the termination of Macedonia and S-L's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1692 JVS (KESx) | Date | February 2, 2018 |
| Title | **Macedonia Distributing , Inc. v. S-L Distribution Co., LLC** | | |

business relationship. Macedonia filed suit on behalf of itself and similarly situated individuals and entities who operated distributorships in the state of California, who were parties to the Distributor Agreement with S-L as of May 2017, and who were terminated as part of S-L's system-wide termination of distributors. (First Amended Complaint ("FAC"), Docket No. 23 ¶ 2.) Christian S. Patton ("Patton") and G&A Snack Distribution, Inc. ("G&A") entered into a Distributor Agreement whereby Patton agreed to distribute snack products produced by Snyder's-Lance Incorporated ("Snyder's-Lance"). (Id. ¶ 3.) G&A was subsequently purchased by S-L, a distribution division of Snyder's-Lance for California. (Id. ¶ 4.) Patton also transferred his interest to Macedonia, whose sole members are he and Zaneta Patton. (Id. ¶ 5.) In May 2018, S-L notified Macedonia that it would be terminating their relationship. (Id. ¶ 7.) Macedonia alleges that the Distributor Agreement created a franchise agreement between it and S-L. (See id.) Macedonia's FAC alleges violations of the California Franchise Relations Act ("CFRA"), Cal. Bus. & Prof. Code §§ 20000 et seq., and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., and intentional interference with prospective economic relations.

## II. LEGAL STANDARD

### A. Motion to transfer pursuant to 28 U.S.C. § 1404(a)

A forum selection clause may be enforced through a motion to transfer pursuant to 28 U.S.C. § 1404(a). Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 579 (2013). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Normally, a § 1404(a) analysis requires the court to evaluate the parties' private interests, along with public-interest considerations, and to decide whether sending the case to a new venue would serve the convenience of the parties and promote the interests of justice. Id. at 579, 581. This "calculus changes, however, when the parties' contract contains a valid forum-selection clause." Id. at 581. "[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" Id. at 579 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1692 JVS (KESx) | Date | February 2, 2018 |
| Title | Macedonia Distributing , Inc. v. S-L Distribution Co., LLC | | |

A *forum non conveniens* analysis proceeds in three steps. First, a court must evaluate the forum selection clause's scope and applicability to determine whether it encompasses the dispute at issue. Peterson v. Boeing Co., 715 F.3d 276, 280 (9th Cir. 2013). Second, a court must determine whether the forum selection clause is valid. See Atlantic Marine, 135 S. Ct. at 581–82. Third, a court must evaluate whether the public interests factors weigh in favor of dismissal. See id.

### B. Motion to dismiss pursuant to Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id. For purposes of ruling on a Rule 12(b)(6) motion, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

### III. DISCUSSION

### A. Motion to transfer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-1692 JVS (KESx)  Date  February 2, 2018

Title  **Macedonia Distributing , Inc. v. S-L Distribution Co., LLC**

1. The forum selection clause, if valid, applies to this dispute.

The forum selection clause in the Distributor Agreement provides that "the parties agree that to the extent any disputes arise . . . Distributor shall file any suit against G&A only in the federal or state court having jurisdiction over where G&A's principal office is located." (Affidavit of Bruce Meyers ("Meyers Aff."), Docket No. 17-2, Ex. A, Art. 25(c).) Macedonia argues that it "did not and could not have agreed" to litigate any disputes in the court having jurisdiction over S-L's principal office because it "did not and could not have anticipated at the time [it] negotiated the Distributor Agreement that G&A would merge with S-L." (Opp'n, Docket No. 24 at 20.)

The Distributor Agreement states that "[t]his agreement shall be binding upon the parties hereto and their respective officers, directors, heirs, personal representatives, successors and permitted assigns." (Meyers Aff., Docket No. 17-2, Ex. A, Art. 25a(a).) G&A merged into S-L. (Id. ¶ 19.) Under California law, "[u]pon merger pursuant to this chapter the separate existence of the disappearing corporations ceases and the surviving corporation shall succeed, without other transfer, to all the rights and property of each of the disappearing corporations . . . ." Cal. Corp. Code § 1107; see Meadows v. Bicrodyne Corp., 785 F.2d 670, 672 (9th Cir. 1986). Macedonia cites no authority indicating that this rule would not apply to the merger of G&A and S-L.

Accordingly, the place of business of the merged entity is S-L's place of business, and the Distributor Agreement provides that the any dispute between Macedonia and S-L must be brought in the state or federal court having jurisdiction of S-L's then-located principal place of business. The forum selection clause therefore, if valid, is applicable to this dispute.

2. The validity of the forum selection clause cannot be determined at this time.

In the Ninth Circuit, "[f]ederal law governs the validity of a forum selection clause." Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996) (citing Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988)). "Forum-selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" Manetti-Farrow, 858

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1692 JVS (KESx) | Date | February 2, 2018 |
| Title | Macedonia Distributing , Inc. v. S-L Distribution Co., LLC | | |

F.2d at 513 (quoting M/S Bremen v. Zapata Offshore Co., 407 U.S. 1, 10 (1972)). "The Supreme Court has construed this exception narrowly." Argueta, 87 F.3d at 325. "A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so 'gravely difficult and inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in court'; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." Id. (internal citations omitted); see Bremen, 407 U.S. at 12–13, 15, 18. The party challenging the forum selection clause bears a "heavy burden" of establishing the existence of one of the aforementioned grounds for rejecting its enforcement. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (9th Cir. 2000).

Here, the parties dispute whether the forum selection clause is unreasonable on two grounds: (1) whether its enforcement would contravene a strong public policy, and (2) whether its enforcement would deny Macedonia its day in court.

      a.      Public Policy

California franchise law allows a lawsuit between a California franchisee and a franchisor to be heard in California and invalidates contractual provisions to the contrary. According to the relevant provision of the CFRA, "[a] provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state." Cal. Bus. & Prof. Code § 20040.5. In Jones v. GNC Franchising, Inc., the Ninth Circuit concluded that section 20040.5

> expresses a strong public policy of the State of California to protect California franchisees from the expense, inconvenience, and possible prejudice of litigating in a non-California venue. A provision, therefore, that requires a California franchisee to resolve claims related to the franchise agreement in a non-California court directly contravenes this strong public policy and is unenforceable under the directives of Bremen.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1692 JVS (KESx) | Date | February 2, 2018 |
| Title | Macedonia Distributing , Inc. v. S-L Distribution Co., LLC | | |

211 F.3d at 498. Notably, in Jones, the inclusion of a Pennsylvania choice of law provision in addition to a Pennsylvania forum selection clause did not prevent the application of section 20040.5. Id. at 496. Accordingly, the validity of the forum selection clause in this case depends upon the determination of whether the business relationship between Macedonia and S-L constitutes a franchise as defined by California law.

S-L questions the continued viability of Jones, post-Atlantic Marine. (Reply, Docket No. 27 at 8.) In Jones, the Ninth Circuit found the forum selection clause invalid under California law and denied both defendant's motion to dismiss or transfer venue under 28 U.S.C. § 1406(a) and alternative motion to transfer venue under § 1404(a). Id. at 497–99. However, the court held that under § 1404(a) the party seeking enforcement of a valid forum selection clause bears the burden of showing that an adequate alternative forum exists. Id. at 499. Subsequently, the Supreme Court held in Atlantic Marine that it is the party opposing the enforcement of a valid clause that bears the burden of showing why enforcement is unwarranted. 134 S. Ct. At 581. On that ground, and because the Court also held that section 1404(a) is the proper procedure to enforce a forum selection clause, several courts in the Ninth Circuit have questioned what weight, if any, to afford Jones. See, e.g., Corizon Health, Inc. v. CorrecTek Inc., No. 116CV00120EJLCWD, 2017 WL 3091456, at *4 (D. Idaho Feb. 3, 2017) (declining to follow Jones, in light of Atlantic Marine, because § 1406 is not the proper procedure for a defendant to seek enforcement of a forum selection clause and because the court applied the wrong standard as to the burdens of proof); Idaho Pac. Corp. v. Binex Line Corp., No. 4:15-CV-00510-CWD, 2016 WL 843254, at *10 (D. Idaho Mar. 1, 2016) (same).

However, the Supreme Court in Atlantic Marine did not address how courts should determine whether forum selection clauses are valid. Rather, it articulated the standard under which valid forum selection clauses should not be enforced pursuant to § 1404(a). Therefore, "[a]lthough Atlantic Marine has since held that courts should not analyze the validity of forum selection clauses under Section 1406, the Jones court's holding with respect to the Bremen analysis remains binding." Frango Grille USA, Inc. v. Pepe's Franchising Ltd., No. CV 14-2086 DSF PLAX, 2014 WL 7892164, at *3 (C.D. Cal. July 21, 2014) (internal citations omitted); see also Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (holding that "district courts should consider themselves bound by the intervening higher authority and reject the prior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1692 JVS (KESx) | Date | February 2, 2018 |
| Title | **Macedonia Distributing , Inc. v. S-L Distribution Co., LLC** | | |

opinion of this court as having been effectively overruled" only "where intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority").

Section 20001 of the California Business and Professions Code defines a "franchise" as follows:

> As used in this chapter, "franchise" means a contract or agreement, either expressed or implied, whether oral or written, between two or more persons by which:
>
> (a) A franchisee is granted the right to engage in the business of offering, selling or distributing goods or services under a marketing plan or system prescribed in substantial part by a franchisor; and
>
> (b) The operation of the franchisee's business pursuant to that plan or system is substantially associated with the franchisor's trademark, service mark, trade name, logotype, advertising, or other commercial symbol designating the franchisor or its affiliate; and
>
> (c) The franchisee is required to pay, directly or indirectly, a franchise fee.

Cal. Bus. & Prof. Code § 20001. The business relationship between Macedonia and S-L must meet each of these requirements in order to receive the protections of CFRA. The interpretation of these factors by the Commissioner of Corporations is considered to be prima facie evidence of the definition of "franchise" under California law. Cal. Bus. & Prof. Code § 20009. While not conclusive, California law gives great weight to the interpretation of these factors by the Commissioner. People v. Kline, 110 Cal. App. 3d 587, 593 (1980). However, the final determination of what constitutes a franchise rests with the courts. Id.

As an initial matter, S-L contends that it and Macedonia did not have a franchise agreement because the Article 26 of the parties' Distributor Agreement provides that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-1692 JVS (KESx)                                       Date  February 2, 2018

Title     **Macedonia Distributing , Inc. v. S-L Distribution Co., LLC**

> Distributor understands and acknowledges that this Agreement is not a franchise agreement. This Agreement does not provide the Distributor with a franchise to distribute Authorized Products or Other Products under a marketing plan or system prescribed by G&A. The Agreement does not allow the Distributor to conduct his business under, or in any way use G&A's name or the tradenames or trademarks of any of the Authorized Products or Other Products.

(Meyers Aff., Docket No. 17-2, Ex. A, Art. 26.)  However, courts do not treat such provisions as determinative.  See, e.g., Gabana Gulf Distribution, Ltd. v. Gap Int'l Sales, Inc., No. C 06-02584 CRB, 2006 WL 2355092, at *7 (N.D. Cal. Aug. 14, 2006) (holding that CFRA applied where the three requirements were met despite an agreement between the parties providing that there existed no franchise relationship between them); Boat & Motor Mart v. Sea Ray Boats, Inc., 825 F.2d 1285, 1288 (9th Cir. 1987) (finding that § 20001 controlled the determination of whether a relationship constituted a franchise).  Nevertheless, courts consider such agreements as evidence when determining whether a franchise relationship exists.  See, e.g., Prim Liab. Co. v. Pace-o-Matic, Inc., No. CIV. 10-617 SOM/KSC, 2012 WL 6553819, at *5 (D. Haw. Dec. 14, 2012) (evaluating the parties' agreement to determine substantial association and franchise fee under § 20001, and holding that a "distributorship is not the same thing as a franchise relationship"); Gabana Gulf Distribution, Ltd. v. GAP Int'l Sales, Inc., No. C 06-02584 CRB, 2008 WL 111223, at *5 (N.D. Cal. Jan. 9, 2008), aff'd, 343 Fed. App'x 258 (9th Cir. 2009) (holding that the parties' agreement foreclosed the court from finding a triable issue of fact as to substantial association under § 20001). The Court therefore does not consider the Distributor Agreement dispositive of whether a franchise relationship existed, but will evaluate it as evidence of such a relationship.

S-L contends that Macedonia cannot meet the definition of "franchise" in "various respects," but only raises arguments as to the second factor, substantial association.  (MTD, Docket No. 29 at 6.)  This factor requires that "The operation of the franchisee's business pursuant to that plan or system is substantially associated with the franchisor's trademark, service mark, trade name, logotype, advertising, or other commercial symbol designating the franchisor or its affiliate." Cal. Bus. & Prof.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-1692 JVS (KESx)                              Date  February 2, 2018

Title  **Macedonia Distributing , Inc. v. S-L Distribution Co., LLC**

Code § 20001(b).  Generally, a finding of substantial association requires that the symbol be communicated to the customers of the franchisee.  <u>See</u> Gary Mendoza, Commissioner of Corporations, Commissioner's Release 3-F: When Does an Agreement Constitute a "Franchise" ¶ 1(2)(3)(2) (June 22, 1994) (hereinafter, "Release 3-F"); <u>see</u> <u>also</u> <u>Kim</u> <u>v.</u> <u>Servosnax</u>, 10 Cal. App. 4th 1346, 1353 (1992).  A substantial association requires more than an association with the franchisor's products; customers must associate the franchisee with the franchisor's mark.  <u>Gabana</u>, 2008 WL 111223, at *5.

     S-L argues that Macedonia cannot show substantial association because the Distributor Agreement provided that it "does not allow the Distributor to conduct his business under, or in any way use G&A's name or the tradenames or trademarks of any of the Authorized Products or Other Products."  (<u>See</u> Meyers Aff., Docket No. 17-2, Ex. A, Art. 26.)  It also provided that "Distributor shall make no use of G&A's name, or the trademarks or tradenames of any of the Authorized Products or Other Products for any reason whatsoever, except upon receiving G&A's prior written consent."  (<u>Id.</u> Art. 20.)

     Macedonia alleges that "S-L consented to and directed Plaintiff and other California franchisees to use S-L trademarks, logos, or tradenames, and the trademarks, logos, or tradenames of Authorized Products."  (FAC, Docket No. 23 ¶ 38.)  Macedonia also alleges that S-L provided it with polo shirts, jackets, business cards and marketing materials bearing S-L's trademarks, logos, or tradenames.  (<u>Id.</u> ¶¶ 39–41.)  Additionally, it alleges that "[w]ith Defendant's written approval and agreement, Plaintiff, in fact, displays S-L's logo and tradename on its delivery truck."  (<u>Id.</u> ¶ 42.)  Macedonia attaches a photo of what it alleges is one such truck, but fails to provide a copy of any written approval or agreement.  (<u>Id.</u>, Docket No. 32-5, Ex. E.)  At least one other court has found that, where an agreement prohibited a plaintiff from using a defendant's marks without prior written approval, evidence that the plaintiff used a mark in violation of the agreement was insufficient to create a triable issue as to substantial association.  <u>Gabana</u>, 2008 WL 111223, at *6.

     S-L principally contends that Macedonia fails to provide any sufficient evidence that it was authorized to use S-L's mark.  Given that issues before the Court raise questions of fact, the Court grants the parties ninety (90) days leave to take limited discovery on the question of whether a franchise existed under § 20001.  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1692 JVS (KESx) | Date | February 2, 2018 |
| Title | **Macedonia Distributing , Inc. v. S-L Distribution Co., LLC** | | |

parties shall file supplemental briefing and evidence on the question. Macedonia shall file its brief by May 7, 2018. S-L shall file its by May 21, 2018. The Court will conduct a hearing on June 4, 2018 at 1:30 p.m. The Court therefore defers consideration of S-L's motions until after such briefing is filed. The Court also vacates the February 5, 2018 scheduling conference to be reset at the hearing on the motions.

**IT IS SO ORDERED.**

.

: 00

Initials of Preparer    kjt